**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4396**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE MEADOWS, a/k/a Chilly Willie,

Defendant - Appellant.

_____

**No. 04-4498**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREDRICK LAMAR SMITH, a/k/a Red Fred,

Defendant - Appellant.

_____

**No. 04-4514**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ADRIAN LAMONT JETER, a/k/a Man,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (CR-03-1094)

---

Submitted:  January 31, 2006          Decided:  March 3, 2006

---

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Hervery B. O. Young, Assistant Federal Public Defender, Greenville, South Carolina; William H. Ehlies, II, Greenville, South Carolina; Melissa R. Kimbrough, Columbia, South Carolina, for Appellants. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to written plea agreements, Willie Meadows, Fredrick Lamar Smith, and Adrian Lamont Jeter each pled guilty to conspiracy to distribute cocaine base. Meadows was sentenced to 120 months imprisonment, and Smith and Jeter each were sentenced to 360 months. They appeal from their convictions and sentences. Their attorneys have filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the validity of the guilty pleas and the propriety of the sentences. At the direction of the court, counsel and the Defendants filed supplemental briefs challenging the validity of their sentences under United States v. Booker, 543 U.S. 220 (2005). The Defendants asserted additional claims in their pro se supplemental briefs. For the reasons that follow, we affirm the Defendants' convictions and sentences.

We find that the Defendants' guilty pleas were knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Each Defendant was properly advised of his rights, the offense charged, the maximum sentence for the offense, and the mandatory minimum sentences applicable. The court also determined that there was an independent factual basis for the pleas and that the pleas were not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

Next, Smith and Jeter argue that the district court erred in denying their motions to withdraw their guilty pleas. We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Id. This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995); United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). We have reviewed the transcript of Smith's and Jeter's Rule 11 colloquies and the record in light of the relevant factors, see United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), and we find no abuse of discretion by the district court in denying their motions to withdraw their guilty pleas. Thus, we affirm Smith's and Jeter's convictions.

Each of the Defendants have challenged their sentences pursuant to United States v. Booker, which was decided while their appeals were pending. In Booker, the Supreme Court held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56. The Court remedied the constitutional violation by severing and excising the statutory

provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory.  Id. at 756-57.

Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury or admitted by the defendant, constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme.  Hughes, 401 F.3d at 546-56.

**Meadows' sentence**

Meadows contends that the district court erred in enhancing his sentence based on a determination that the drug type was the crack form of cocaine base.  He asserts that, because there were no stipulations that the drug type was crack, he should be sentenced pursuant to the powder cocaine guidelines.

Meadows was charged with conspiracy to "distribute and to possess with intent to distribute 50 grams or more of cocaine base (commonly known as 'crack' cocaine)."  He pled guilty to the lesser included offense of conspiracy with respect to five grams or more of crack and he and the government stipulated that he would be held accountable for 20 to 35 grams of cocaine base.  In light of the language of the indictment and Meadows' admissions in his plea

- 5 -

agreement, we find no judicial factfinding as to drug type, and thus no potential <u>Booker</u> error.

Meadows also argues that his sentence was erroneously enhanced in violation of the rule announced in <u>Booker</u>. He argues that, due to the stipulated drug quantity, the guideline range applicable to him was 84 to 105 months. However, he was sentenced to 120 months. This sentence was not the result of judicial factfinding, but rather was based on the fact that he had a prior conviction for distribution of cocaine base and the government filed an information of enhanced sentences pursuant to 21 U.S.C. § 851 (2000). Thus, the district court properly sentenced him to 120 months, the applicable mandatory minimum sentence.

**Smith's sentence**

At sentencing, Smith was held accountable for 2840.98 grams of crack. This quantity placed him at base offense level 38. <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(c)(1) (2003) ("1.5 KG or more of Cocaine Base"). With 14 criminal history points, he was in criminal history category VI, and his guideline range was 360 to life. Additionally, Smith had two prior convictions for a controlled substance offense or a crime of violence, and therefore he was properly sentenced as a career criminal with a guideline range of 360 to life, without regard to the drug quantity. <u>See</u> <u>United States v. Harp</u>, 406 F.3d 242, 247 (4th Cir.) (finding no plain error under <u>Booker</u> in the district court's designation of

Harp as a career offender), cert. denied, 126 S. Ct. 297 (2005); see also Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998).

Smith contends that the amount of drugs was determined, in part, by statements he made while cooperating. He asserts that this is in violation of the plea agreement, which provided that self-incriminating statements he made under the terms of the plea agreement would not be used against him in determining his guideline range.

Smith's admissions to certain drug quantities were made prior to the plea agreement and were specifically excluded from the immunity agreement in the plea bargain. Thus, the district court correctly used these figures to determine Smith's offense level. However, because Smith was sentenced as a career offender, the drug quantity is irrelevant.

**Jeter's sentence**

Jeter also argues that his sentence was increased based on the quantity of drugs attributed to him. Like Smith, Jeter asserts that the amount of drugs was determined, in part, by statements he made while cooperating. Jeter's plea agreement also provided that information he provided under the terms of the agreement would not be used against him. However, the agreement also specifically excluded information known to the attorneys for the government prior to the date of the agreement.

Jeter's statement to the officials was given before he signed the plea agreement. Thus, the immunity statement in the plea agreement does not apply to Jeter's admissions made prior to the agreement. The district court correctly used these figures to determine Jeter's offense level.

Jeter was attributed with 1701 grams of crack, which placed him in offense level 38. USSG § 2D1.1(c)(1) ("1.5 KG or more of Cocaine Base"). This amount was determined only by reference to the amounts Jeter personally admitted to in his statement to the officials. Because Jeter admitted to the drug amounts that resulted in his offense level, there was no enhancement based on judicial factfinding with respect to his base offense level, and thus no error under Booker.

Jeter also challenges the determination that he was a career offender. The career offender guideline applies to persons who have two prior convictions for either a crime of violence or a controlled substance offense. USSG § 4B1.1(a). We find that Jeter was properly sentenced as career offender. He had two previous qualifying convictions: one for conspiracy to possess with intent to distribute cocaine base and one for attempted burglary. Although he contends that his burglary conviction was not a crime of violence, "burglary of a dwelling" is specifically included in the definition of "crime of violence." USSG § 4B1.2(a).

Jeter argues that the career offender enhancement increased his sentence beyond that to which he pled guilty, in violation of Booker. The increase in Jeter's sentence was based on prior convictions, not factual findings by the judge, and therefore there was no error. See Harp, 406 F.3d at 247; Almendarez-Torres, 523 U.S. at 233-35.

Jeter and Smith both argue that the district court erred by declining to adjust their offense levels downward for acceptance of responsibility. USSG § 3E1.1(a). Smith and Jeter moved to withdraw their guilty pleas. In support of the motions, the district court found that they made inconsistent statements and also attempted to minimize their parts in the conspiracy. We find that the district court did not clearly err in finding that they failed to fully accept responsibility for their conduct. See United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004); USSG § 3E1.1.

Counsel contends that the district court should have sentenced the Defendants below the guideline range to account for the 100-to-1 sentencing disparity between powder and crack cocaine sentences. This court has consistently upheld the validity of this sentencing disparity. See United States v. Burgos, 94 F.3d 849, 876 (4th Cir. 1996) (en banc); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). Thus, we do not find the sentences imposed to be unreasonable. Moreover, "the record as a whole provides no

nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" United States v. White, 405 F.3d 208, 223 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). Therefore, we conclude that the Defendants cannot show that their substantial rights were affected by the district court's imposition of a sentence under the mandatory guidelines as they were in effect when the Defendants were sentenced. Id. at 225.

Finally, the Defendants assert that their attorneys provided ineffective assistance. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Our review of the record reveals that the Defendants have failed to meet the high burden necessary to raise ineffective assistance of counsel claims on direct appeal.

In conclusion, we affirm the Defendants' convictions and sentences. We also deny Jeter's motion for production of documents, to withdraw Counsel's appeal brief, and to file a pro se appeal. This court requires that counsel inform their clients, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED